IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DAVID NEAL and CATHY CHAN,    )
    )
    Plaintiffs,    )
    )
    v.    )    C.A. No. 25-776-JLH-EGT
    )
PROPYMAX LLC,    )
    )
    Defendant.    )

**REPORT AND RECOMMENDATION**

Presently before the Court is the motion for default judgment by *pro se* Plaintiffs David Neal and Cathy Chan (together, "Plaintiffs"). (D.I. 13). For the reasons stated below, the Court recommends that Plaintiffs' motion for default judgment be DENIED.

## I.     BACKGROUND

According to the Complaint, Plaintiffs' cell phone numbers are primarily used for "residential household purposes" and have been continuously listed on the national do-not-call registry since 2005. (D.I. 1 ¶¶ 9 & 10). Plaintiffs allege that Defendant Propymax LLC ("Defendant" or "Propymax") sent Plaintiffs' cell phones "unsolicited communications for telemarketing purposes." (*Id.* ¶ 11; *see also id*. ¶ 12 ("Plaintiffs never consented to receive any calls, texts, or messages from Defendant, either directly or indirectly.")). Specifically, between May 13, 2025 and June 16, 2025, Propymax allegedly made six (6) attempted phone calls and sent sixteen (16) text messages to Plaintiffs' cellular phones. (*Id.*).

Plaintiffs filed the present action on June 23, 2025, alleging that Propymax violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227 *et seq.*, and its related regulations by engaging in unsolicited communications with Plaintiffs. (D.I. 1). First, Propymax purportedly violated 47 C.F.R. § 64.1200(c)(2) by making "more than one telephone solicitation

to a number listed on the National Do Not Call Registry within a 12-month period." (*Id.* ¶ 16). Second, Propymax also allegedly violated 47 C.F.R. § 64.1200(d) by failing to "implement the minimum procedures required to maintain an internal do-not-call list." (*Id.* ¶ 17; *see also id.* ¶ 13). Despite being served with the Complaint and summons (D.I. 9), Propymax failed to appear. Judge Hall granted Plaintiffs' request for entry of default, and the Clerk of Court entered default against Propymax on December 10, 2025. (D.I. 10, 11 & 12). Plaintiffs filed the present motion for default judgment on January 6, 2026. (D.I. 13). To date, Propymax has yet to appear in this action.

## II.    **LEGAL STANDARD**

In evaluating a motion for default judgment, a court must first determine whether the "unchallenged facts set forth in the complaint . . . establish a legitimate cause of action." *Cohran v. Revenue Collect CRA Collections*, C.A. No. 12-82-SLR-SRF, 2013 WL 1632681, at *3 & n.9 (D. Del. Apr. 16, 2013) (citation omitted) (collecting cases); *see also J&J Sports Prods., Inc. v. Ramsey*, 757 F. App'x 93, 95 (3d Cir. 2018); *Du v. Segelman*, No. 23-CV-6780 (DG) (ST), 2025 WL 1707176, at *5 (E.D.N.Y. Mar. 28, 2025) ("The complaint must facially state a claim without resort to evidence outside of the pleadings, under the same standards applicable to a Rule 12(b)(6) motion to dismiss."). If the complaint states a legitimate cause of action, the court must then consider three factors in deciding whether to enter default judgment:  "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## III.    **DISCUSSION**

The TCPA provides a private right of action to persons that have "received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the

regulations prescribed under this subsection." 47 U.S.C. § 227(c)(5). The referenced regulations – *i.e.*, § 64.1200(c)(2) and (d) – impose certain restrictions on the conduct of telemarketers, and violation of the regulations may give rise to a TCPA claim. Although not expressly stated by the Federal Communications Commission, both regulations are understood to be promulgated under valid rulemaking authority "to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1); *see King v. Bon Charge*, C.A. No. 25-105-SB, 2026 WL 1171386, at *11 (D. Del. Dec. 30, 2025) (Bibas, J., sitting by designation) (§ 64.1200(c)); *Newell v. JR Cap., LLC*, 791 F. Supp. 3d 571, 580 (E.D. Pa. 2025) (§ 64.1200(d)). In relevant part, § 64.1200(c)(2) provides that "[n]o person or entity shall initiate any telephone solicitation" to a "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." Additionally, § 64.1200(d) provides that "[n]o person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." *See also* 47 C.F.R. § 64.1200(d)(1)-(6) (minimum standards for internal do-not-call procedures).

Here, Plaintiffs complain that Propymax violated the TCPA (through its underlying regulations) by repeatedly contacting Plaintiffs' cell phones with unsolicited phone calls and text messages. Yet Plaintiffs fail to plausibly allege in the Complaint – with sufficient factual support – that the calls and text messages at issue here were made "by or on behalf of" Propymax, as required by the TCPA. *See* 47 U.S.C. § 227(c)(5). Plaintiffs only allege that "Defendant Propymax LLC initiated . . . unsolicited communications for telemarketing purposes." (D.I. 1 ¶ 11; *see also id.* (providing list of communications in the generic form of "Text to Cathy Chan on 5/13/25 @ 1:57PM," "Call to Shaun Neal on 5/13/25," etc.). Plaintiffs do not indicate what phone

3

number was used for the unsolicited communications or how that phone number is related to Propymax. Nor do Plaintiffs provide details as to the substance of any communications that would suggest the communications were, in fact, from Propymax. Without more, Plaintiffs have failed to plead sufficient facts for the Court to plausibly infer that the challenged calls and text messages were sent "by or on behalf of" Propymax. *See Marks v. Unique Lifestyle Vacations, LLC*, No. CV 20-4915-KSM, 2023 WL 3294845, at *3 (E.D. Pa. May 5, 2023) (denying *pro se* plaintiff's motion for default judgment as to § 227(c) claim for failure to plead "facts supporting his assertion that [defendant] placed the calls").[1] Having failed to adequately plead a violation under either § 64.1200(c)(2) or (d), Plaintiffs have failed state a claim against Propymax under the TCPA. *See* 47 U.S.C. § 227(c)(5). Because the Complaint does not state a claim, default judgment is unavailable.

In support of their motion for default judgment, Plaintiffs provided additional details regarding the communications, including screenshots of voicemail transcripts and text messages. (*See generally* D.I. 13). The screenshots – which do include a phone number – may plausibly support Plaintiffs' assertion that Propymax's employee or representative "Roger" made the complained-of calls and sent the complained-of text messages. (*See, e.g.*, D.I. 13-3 at 2 ("Hi Cathy, this is Roger from Propymax . . . .")). But these details were not provided in the Complaint

---

[1]   *See also Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 604 (E.D. Pa. 2021) ("Absent factual allegations about the content of the messages or the phone number from which they were sent, Camunas cannot plausibly allege that the challenged messages were sent 'by or on behalf of' the NRSC."); *Smith v. Vision Solar LLC*, No. CV 20-2185, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020) ("Plaintiffs have not sufficiently pleaded that the calls in question came from Vision Solar."); *Aaronson v. CHW Grp., Inc.*, No. 1:18-CV-1533, 2019 WL 8953349, at *2 (E.D. Va. Apr. 15, 2019) ("[W]ithout any facts to explain why plaintiff believes the identified phone number is owned by defendant, this allegation amounts to nothing more than another conclusory allegation that defendant made the calls to plaintiff's cellular phone.").

and will not be considered in determining whether unchallenged facts constitute a legitimate cause of action. *See Du*, 2025 WL 1707176, at *5; *see also Marks*, 2023 WL 3294845, at *3 (denying motion for default judgment as to § 227(c) claim where plaintiff "has still not **pleaded facts** supporting his assertion that [defendant] placed the calls" (emphasis added)). Although *pro se* litigants are provided certain leniencies, they "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Because Plaintiffs cannot supplement their deficient pleading with material attached to their motion, the Complaint still fails to state a legitimate TCPA claim.

Additionally, Plaintiffs' claim under § 64.1200(d) fails for a separate reason – the Complaint lacks factual allegations sufficient for the Court to reasonably infer that Propymax violated the provision. In their Complaint, Plaintiffs never allege that they made an affirmative request to Propymax to stop the complained-of calls or text messages. *See* 47 C.F.R. § 64.1200(d) (requiring telemarketers to "maintain[] a list of persons who *request* not to receive such calls made by or on behalf of that person or entity" (emphasis added)). Nor do Plaintiffs otherwise plausibly allege that Propymax failed to implement the required minimum standards for internal do-not-call list procedures. *Id.* At most, Plaintiffs allege that they are listed on the national do-not-call registry and that, "[u]pon information and belief," Propymax failed to institute the required procedures. (D.I. 1 ¶¶ 9 & 13). That is not enough to state a claim under § 64.1200(d). *See Forteza v. Vehicle Serv. Dep't*, No. 3:23-CV-874-L-BN, 2024 WL 2868271, at *6 (N.D. Tex. Apr. 22, 2024) ("'The regulation relates to a marketer's duty to prepare internal policies to receive and implement affirmative requests not to receive calls,' so, where a plaintiff fails to 'allege that he made any such affirmative request,' he generally fails to allege 'how the provision was violated.'" (quoting *Bailey*

5

*v. Domino's Pizza, LLC*, 867 F. Supp. 2d 835, 842 (E.D. La. 2012))), *report and recommendation adopted*, 2024 WL 2869354 (N.D. Tex. June 6, 2024).

Because Plaintiffs have failed to state a legitimate cause of action against Propymax under the TCPA, default judgment cannot be entered. Plaintiffs' motion should be denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court recommends that Plaintiffs' motion for default judgment (D.I. 13) be DENIED.

Plaintiffs may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to five (5) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. The parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: June 2, 2026

_____
UNITED STATES MAGISTRATE JUDGE