**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DAVID NEAL and CATHY CHAN<br><br>Plaintiffs,<br><br>v.<br><br>PROPYMAX, LLC,<br><br>Defendant. | C.A. No. 25-776-JLH-EGT |

**ORDER**

At Wilmington, this 27th day of August, 2026;

WHEREAS, on June 23, 2025, Plaintiffs David Neal and Cathy Chan, proceeding *pro se*, filed their Complaint against Defendant Propymax LLC (D.I. 1);

WHEREAS, the Complaint asserts a claim pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (D.I. 1, "FIRST CAUSE OF ACTION");

WHEREAS, on September 29, 2025, Plaintiffs filed an Affidavit of Service for Summons and Complaint served on Propymax LLC on September 19, 2025 (D.I. 9);

WHEREAS, on October 20, 2025, Plaintiffs filed a Request for Default as to Propymax LLC (D.I. 10);

WHEREAS, on December 10, 2025, the Court granted Plaintiff's request for entry of default as to Propymax LLC (D.I. 11);

WHEREAS, on December 10, 2025, the Clerk of Court entered default against Propymax LLC (D.I. 12);

WHEREAS, on January 6, 2026, Plaintiffs filed a Motion for Default Judgment (D.I. 13), seeking the entry of a default judgment against Propymax LLC pursuant to Rule 55(b)(2);

WHEREAS, on March 11, 2026, the Court referred the case to Magistrate Judge Eleanor G. Tennyson (D.I. 14);

WHEREAS, on June 2, 2026, Judge Tennyson filed a Report and Recommendation recommending that Plaintiffs' motion for default judgment be denied (D.I. 15, "R&R");

WHEREAS, on June 2, 2026, Plaintiffs filed Objections to the R&R (D.I. 16);

WHEREAS, the Court reviews the Objections *de novo*, *see* 28 U.S.C. § 636(b)(1)(C);

WHEREAS, Plaintiffs first object to R&R's conclusion that the Complaint fails to plead sufficient facts for the Court to plausibly infer that the challenged calls and text messages were sent "by or on behalf of" Propymax (D.I. 16 at 2–3);

WHEREAS, reviewing the issue *de novo*, the Court agrees with the R&R that the Complaint's allegation that "Defendant Propymax LLC initiated the . . . unsolicited communications for telemarking purposes" is insufficient raise a plausible inference that the challenged calls and text messages were sent "by or on behalf of" Propymax (D.I. 1 ¶ 11);[1]

WHEREAS, Plaintiffs next object to the R&R's conclusion that the additional details provided in and attached to Plaintiffs' Motion for Default Judgment (D.I. 13) cannot be considered in determining whether Plaintiffs have alleged sufficient facts to plausibly infer Defendant's liability (D.I. 16 at 2–5);

[1] As the R&R explains, the Complaint does not allege the phone number used for the communications or any other facts raising a plausible inference that the phone numbers were connected to Propymax. (D.I. 1 ¶ 11; R&R at 3–4.) The Complaint's bare assertion that the communications were initiated by Propymax is a threadbare legal conclusion the Court cannot credit. *See Ashcroft v. Iqbal*, 556 U.S. 662, 680–81 (2009).

WHEREAS, reviewing the issue *de novo*, the Court agrees with R&R that the material in Plaintiffs' Motion for Default Judgment (D.I. 13) should not be considered at this stage;[2]

NOW, THEREFORE, IT IS HEREBY ORDERED that

1. Plaintiffs' Objections (D.I. 16) are OVERRULED.

2. The R&R (D.I. 15) is ADOPTED.

3. Plaintiffs' Motion for Default Judgement (D.I. 13) is DENIED.

4. Plaintiffs are granted leave to file an amended complaint on or before September 24, 2026.

Dated: August 27, 2026

The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

[2] In evaluating a motion for default judgment, the Court looks to see whether the factual allegations in the complaint establish a legitimate cause of action; the Court may consider only "the unchallenged facts set forth in the complaint," *Cohran v. Revenue Collect CRA Collections*, No. 12-82, 2013 WL 1632681, at *3 (D. Del. Apr. 16, 2013), "without resort to evidence outside of the pleadings," *Du v. Segelman*, No. 23-6780, 2025 WL 1707176, at *5 (E.D.N.Y. Mar. 28, 2025) (collecting cases); *cf. Harris v. Bennett*, 746 F. App'x 91, 94 n.5 (3d Cir. 2018). Plaintiffs may seek leave to file an amended complaint.